UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


SIR RENWICK FOSTER,

                Plaintiff,

v.                              Case No. 3:05-cv-446-J-32HTS

SIR RENWICK FOSTER,

                Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, filed a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on May 16, 2005. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. See Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999) (the "three strikes rule" applies to claims dismissed prior to the effective date of the PLRA) (citing Rivera v. Allin, 144 F.3d 719, 728-30 (11th Cir. 1998)).  The Court takes judicial notice of filings brought by Plaintiff in this Court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 96-235-Civ-J-20; (2) 96-799-Civ-J-99(S); (3) 96-228-Civ-J-20, and, (4) 97-1253-Civ-T-23.

Because Plaintiff has had three or more prior dismissals and it does not appear that he is under imminent danger of serious physical injury,[1] his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee.

---

[1] Plaintiff's allegations are largely incomprehensible and illegible; however, from the portions of the Complaint that are legible, Plaintiff does not appear to be in imminent danger of serious physical injury.  Even assuming arguendo that Plaintiff did allege that he was in imminent danger of serious physical injury, this case is due to be dismissed as frivolous because Plaintiff names himself as the sole Defendant in this action and he fails to allege any cognizable claim under 42 U.S.C. § 1983.  It appears that Plaintiff may have intended to challenge his state court conviction (Hillsborough County).  Therefore, the Clerk of the Court will be directed to send him a Petition for Writ of Habeas Corpus form for use in filing a 28 U.S.C. § 2254 habeas corpus action.  The filing fee for a habeas case is $5.00.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's May 16, 2005, Motion to Proceed <u>In Forma Pauperis</u> (Doc. #2) is **DENIED**.

2. Plaintiff's May 16, 2005, Motion for Temporary Restraining Order (Doc. #4), which is largely incomprehensible and illegible, is **DENIED**.

3. The Clerk of the Court shall send to Plaintiff a Petition for Writ of Habeas Corpus form for use in filing a 28 U.S.C. § 2254 habeas corpus action.

4. This case is hereby **DISMISSED** without prejudice.

5. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

6. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

sc 5/17
c:
Renwick Foster